```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```
Gary LaBarbera and Frank Finkel, *as*      06-CV-6641(CPS)(VVP)
*Trustees of Local 282 Welfare, Pension,*
*Annuity, Job Training and Vacation Sick*
*Leave Trust Funds*,

                                      Plaintiffs,    MEMORANDUM OPINION
                                                    AND ORDER

      - against -

Rockwala Inc. and Andy Wala,
                                    Defendants.
```
----------------------------------------X
```
SIFTON, Senior Judge.

     Plaintiffs Gary LaBarbera and Frank Finkel, the Trustees and Fiduciaries of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (the "Funds") commenced this action against Rockwala Inc. and Andy Wala ("defendants") to recover payments for unpaid pension contributions pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001 et. seq. Plaintiffs seek to enforce the terms of a Trust Agreement entered into between plaintiffs and defendant Rockwala Inc. pursuant to Section 502 of ERISA, 29 U.S.C. §§1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185, and collect payments, along with interest on those payments, alleged to be owed to the Funds under the terms of various collective bargaining agreements between defendant Rockwala Inc. and Local 282 of the International Brotherhood of Teamsters. Plaintiffs also seek liquidated damages pursuant to ERISA, injunctive relief

and an award of attorney's fees and costs.

After defendants failed to appear or otherwise defend in this action, the Clerk of the Court noted their default on January 26, 2007. I thereafter referred the matter to Magistrate Judge Pohorelsky for a determination as to jurisdiction, damages, interest, injunctive relief and attorney's fees and costs. On September 10, 2007, Magistrate Judge Pohorelsky issued a Report and Recommendation (the "Report") that the claims against Andy Wala be dismissed, the application for a permanent injunction be denied, the application for damages be denied without prejudice to renewal and the award of attorney fees be postponed until disposition of any renewed application for damages. Now before this Court is plaintiffs' objection to that portion of the Report which recommended that the court not award attorney fees or costs incurred before December 5, 2006, the date plaintiffs' attorney commenced the instant action. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is adopted. The objection to the determination as to attorney fees is overruled without prejudice to its renewal before the Magistrate Judge when and if the plaintiffs renew their application for damages.

DISCUSSION

A district court reviewing a magistrate judge's report follows the standards established in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Those parts of the report to which timely

written objection has been made by any party are reviewed de novo, but the uncontested portions of the report may be adopted unless they show clear error. *See Thomas v. Arn,* 474 U.S. 140, 151-52, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989); *Tapia-Garcia v. United States,* 53 F.Supp.2d 370, 373 (S.D.N.Y.1999).

Plaintiffs object to the Report only to the extent that it limits the award of attorney fees and costs to the period of time subsequent to December 5, 2006, the time when plaintiffs' attorney commenced this action. The Report bars any recovery for fees and costs incurred prior to December 5, 2006. In their objection to the Report, plaintiffs claim that there was an agreement in place with defendants whereby plaintiffs were entitled to actual attorney fees and costs whether or not an action to recover owed contributions had been filed in court.

ERISA awards "reasonable attorney fees and costs of the action" to a prevailing benefit plan when there is a judgment in the plan's favor. 29 U.S.C. §1132(g)(2)(D). In *Peterson v. Continental Casualty Co.,* the Court of Appeals discussed whether Congress intended the term 'action' in 29 U.S.C. § 1132(g) to limit recovery to work performed by an attorney after the filing of a complaint. 282 F.3d 112, 119 (2d Cir. 2002). It determined that absent statutory language to the contrary, "the term 'action' [is] restricted to formal judicial proceedings...and

connotes a formal adversarial proceeding under the jurisdiction of a court of law." *Id*. Accordingly, pre-filing work in *Peterson* was not recoverable.

Here, however, plaintiffs are not arguing that they should recover pre-litigation attorneys fees and costs pursuant to ERISA. Rather, plaintiffs contend that the Trust Agreement between the parties allows plaintiffs to recover attorney fees and costs for all work performed in efforts to collect monies owed and due to the Funds by defendant Rockwala.

Article IX, Section 3 of the Trust Agreement says that if an employer (as defined under the Trust Agreement) doesn't "pay the contributions required hereunder of the Collective Bargaining Agreement," then the employer is in violation of its obligations. *See* Pl.'s Affirmation Support of Default J. and Permanent Inj., Ex. E ("Restated Agreement and Declaration of Trust"). Section 3(a) of Article IX then states, "[a]ttorney fees in collections, whether a suit has been filed or not, shall be equal to the amount to be billed to the Trustees by their counsel for work performed in connection with this matter...." *Id*. A payment is timely if it is made on the date established in the CBA. *Id.* If, however, an employer defaults on the payments for five working days after the date the payment is due, the employer must pay interest, attorney's fees, auditor's fees and liquidated damages. The Trust Agreement was subsequently incorporated by

reference into the CBA in Section 13(G)[1].

To all appearances, plaintiffs made no such argument before the Magistrate Judge. Accordingly, it will not now be considered. The plaintiffs do not offer any additional objections to any other portions of Magistrate Judge Pohorelsky's Report. I have reviewed these uncontested portions and agree with their recommendations. I therefore adopt them.

CONCLUSION

For the reasons set forth above the Report and Recommendation of Magistrate Pohorelsky is adopted.

The Clerk is directed to furnish a copy of the within to the parties and to the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          November 8, 2007

                    By: /s/ Charles P. Sifton (electronically signed)
                                United States District Judge

---

[1] According to the General Contractor's Association Agreement Section 13(G), "[t]he Trust Agreements governing the Local 282 Welfare, Pension, Annuity and Job Training Trust Funds, as they shall be amended from time to time, are hereby made a part of this Agreement with the same force and effect as if fully incorporated herein, and the Employer and the Union hereby agree that upon the execution of this Agreement they shall be deemed parties to said Trust Agreements." The General Contractor's Association Agreement was effective as of July 1, 2002.